Opinion filed August 16,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                             No.
11-10-00367-CR

                                                    __________

 

                       ANDREW
TIMOTHY MARTINEZ, Appellant

                                                             V.

                                 STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 39th District Court

                                                           Haskell
County, Texas

                                                       Trial
Court Cause No. 6135

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Andrew
Timothy Martinez pleaded guilty to the offense of felony driving while
intoxicated.  Pursuant to a plea bargain agreement, the trial court sentenced
him to confinement in the Institutional Division of the Texas Department of Criminal
Justice for a term of thirty years.  In three issues, appellant challenges the
trial court’s ruling on his motion to suppress.  We affirm.

Background
Facts

The
trial court entered written findings of fact and conclusions of law after
denying appellant’s motion to suppress.  They read as follows:

1.     
On or about April 10, 2006, Tom Bassett, Chief of Police of Haskell, Texas,
was on patrol in the City of Haskell.

 

2.     
At approximately 7:00 a.m., Officer Bassett was flagged down by Michelle
Santillan.

 

3.     
Officer Bassett had known Michelle Santillan for a number of years. 
Officer Bassett had been provided information from Santillan in the past that
proved to be reliable.  Officer Bassett was aware that Santillan had
connections to law enforcement in that she worked part time for a law
enforcement agency.

 

4.     
Michelle Santillan informed Officer Bassett that Andrew Martinez had
come to her house that morning; that Andrew Martinez was in town for a court
hearing; that Andrew Martinez had been argumentative at her house; and that
Andrew Martinez was intoxicated.  Santillan informed Bassett that Martinez was
driving a light blue 4-door Jeep Cherokee.

 

5.     
Officer Bassett waited in the vicinity of Santillan’s home to see if
Martinez returned.  Officer Bassett was concerned about a possible domestic
disturbance at Santillan’s house if Martinez returned.

 

6.     
While waiting near Santillan’s house, a vehicle matching the description
given to him by Santillan drove up and stopped at Santillan’s house.

 

7.     
After the vehicle stopped, Bassett pulled alongside the vehicle, stopped
and activated his emergency lights.

 

8.     
Officer Bassett identified the individual driving the vehicle as Andrew
Timothy Martinez.

 

9.     
Officer Bassett smelled alcoholic beverage upon the person of Andrew
Martinez, and observed Martinez to have bloodshot eyes.

 

10.  Officer
Bassett conducted an investigation, concluded Martinez was intoxicated and
arrested Martinez for Driving While Intoxicated.

 

Conclusions of Law

 

1.      since Martinez stopped voluntarily at
Santillan’s residence, Officer Bassett did not initiate a traffic stop.  By
stopping in front of a residence on a public street, Officer Bassett could
lawfully approach Martinez; thus, the contact between Bassett and Martinez
constituted a voluntary encounter, that does not implicate the 4th
Amendment of the U.S. Constitution or any provisions of the Constitution of the
State of Texas.

 

2.      Even
if Officer Bassett initiated a stop and detained Martinez; Officer Bassett had
reasonable suspicion to believe Martinez was driving while intoxicated, because
he had been given information from a source he has known for many years, that
he believed to be credible, and that had provided him reliable information in
the past.

 

3.      Furthermore,
Officer Bassett had received information that Martinez had been arguing at
Santillan’s residence.  Martinez returned to that residence.  Officer Bassett
would have been justified in a detention of Martinez for community caretaking.

 

Appellant separately challenges the trial court’s conclusions of law in
three issues.

Standard
of Review

We review a trial court’s ruling on a motion to suppress for an abuse of discretion. Lujan v.
State, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011); Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  In reviewing a motion to suppress,
we apply a bifurcated standard of review. Hubert v. State, 312 S.W.3d
554, 559 (Tex. Crim. App. 2010); Valtierra v. State, 310 S.W.3d 442, 447
(Tex. Crim. App. 2010).  First, we afford almost total deference to the trial
court’s determination of historical facts.  Valtierra, 310 S.W.3d at
447.  The trial court is the sole trier of fact and judge of the credibility of
the witnesses and the weight to be given their testimony.  Id.; Garza
v. State, 213 S.W.3d 338, 346 (Tex. Crim. App. 2007).  Second, we review de
novo the trial court’s application of law to facts. Hubert, 312 S.W.3d
at 559; Valtierra, 310 S.W.3d at 447.  We also review a trial court’s
legal rulings de novo.  State v. Iduarte, 268 S.W.3d 544, 548–49 (Tex. Crim.
App. 2008).

            Where,
as here, the trial judge makes express findings of fact, we must first
determine whether the evidence, when viewed in the light most favorable to the
trial court’s ruling, supports those findings.  Valtierra, 310 S.W.3d at
447; State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  We
will sustain the trial court’s ruling if it is reasonably supported by the
record and is correct on any theory of law applicable to the case.  Valtierra,
310 S.W.3d at 447–48; State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App.
2006).

Consensual
Encounter vs. Investigatory Detention

            In his first issue, appellant asserts that the interaction between Officer Thomas Paul
Bassett Jr. and appellant constituted a detention rather than a consensual
encounter.  The State argues that Officer Bassett initiated a consensual
encounter, which then gave rise to reasonable suspicion to support an
investigatory detention.

There
are three different types of interactions between citizens and law enforcement
officers: (1) consensual encounters; (2) investigatory detentions; and (3)
arrests. State v. Woodard, 341 S.W.3d 404, 410–11 (Tex. Crim. App. 2011)
(citing Florida v. Bostick, 501 U.S. 429, 434 (1991); Terry v. Ohio,
392 U.S. 1, 30–31 (1968); and Gerstein v. Pugh, 420 U.S. 103, 111–12
(1975)).  Consensual encounters do not implicate Fourth Amendment protections.  Id.
at 411.  Police officers are free to stop and request information from a
citizen with no justification.  Id.  A citizen may terminate such a
consensual encounter at will.  Id.  A citizen’s acquiescence to an
officer’s request does not transform a consensual encounter into a detention or
seizure, even if the officer does not communicate to the citizen that the
request for information may be ignored. Id.

            We
consider the totality of the circumstances in determining whether a reasonable
person in the defendant’s shoes would have felt free to ignore the request or
terminate the interaction.  Id.  There is no bright-line test.  Id.;
State v. Garcia-Cantu, 253 S.W.3d 236, 243 (Tex. Crim. App. 2008).  We
consider the surrounding circumstances, including the time and place.  Woodard,
341 S.W.3d at 410–11.  The officer’s conduct is the most important
factor in deciding whether an encounter between a citizen and the police was
consensual or a Fourth Amendment seizure.  Id.  If a police officer
through force or a showing of authority restrains a citizen’s liberty, the
encounter is not consensual and has become either a detention or an arrest,
requiring either reasonable suspicion or probable cause, respectively.  Id.

As was the case in Woodard, we focus our analysis on the initial interaction between appellant and Officer Bassett to determine if it
constituted a consensual encounter.  The events that transpired afterwards are
not relevant to our inquiry because Officer Bassett testified that he smelled alcohol coming from the car and appellant after
talking to him for “a short time.”  As noted previously, appellant had already
stopped his car when Officer Bassett parked beside him.   Thus, Officer
Bassett’s activation of his emergency lights did not cause appellant to stop
his vehicle.  The stop occurred in daylight at approximately 7:00 a.m.  Officer
Bassett testified that his patrol vehicle did not block appellant’s vehicle.  In addition to the testimony presented at the suppression hearing, an in-car video of
the initial contact between appellant and Officer Bassett was introduced into
evidence; it corroborates the officer’s testimony.[1] 
The in-car video further reveals that Officer Bassett spoke to appellant in a calm,
noncoercive tone in requesting to see his driver’s license and insurance
information.

Based
upon the totality of the circumstances and the conduct of Officer Bassett, we conclude that the trial court did not abuse its discretion
in determining that the initial interaction constituted a consensual
encounter.  Examples of circumstances that might indicate a detention has
occurred would be the threatening presence of several officers, the display of
a weapon by an officer, some physical touching of the person of the citizen, the
blocking of appellant’s vehicle with a police vehicle, or the use of language
or tone of voice indicating that compliance with the officer’s request might be
compelled.  Crain v. State, 315 S.W.3d 43, 49–50 (Tex. Crim. App. 2010);
Garcia-Cantu, 253 S.W.3d at 249.  None of these facts occurred in this
case.  Appellant’s first issue is overruled.  We need not consider appellant’s
remaining issues because our resolution of the first issue is dispositive of
this appeal.   Simply put, no justification is required for an officer to
request information from a citizen in a consensual encounter.  Woodard,
341 S.W.3d at 411.

Alternatively,
we conclude that the information given by Santillan to Officer Bassett provided
him with reasonable suspicion to support an investigatory detention.  As
recently noted by the Texas Court of Criminal Appeals in Derichsweiler v. State, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011):

Under the Fourth Amendment, a warrantless detention of the person that amounts to less
than a full-blown custodial arrest must be justified by a reasonable suspicion.
 A police officer has reasonable suspicion to detain if he has specific,
articulable facts that, combined with rational inferences from those facts,
would lead him reasonably to conclude that the person detained is, has been, or
soon will be engaged in criminal activity.  This standard is an objective one
that disregards the actual subjective intent of the arresting officer and
looks, instead, to whether there was an objectively justifiable basis for the
detention.  It also looks to the totality of the circumstances; those
circumstances may all seem innocent enough in isolation, but if they combine to
reasonably suggest the imminence of criminal conduct, an investigative
detention is justified.  “[T]he relevant inquiry is not whether particular
conduct is innocent or criminal, but the degree of suspicion that attaches to
particular noncriminal acts” (alteration in original, footnotes omitted).

 

The court held
in Derichsweiler that information provided to police from a
citizen-informant who identifies himself and may be held to account for the
accuracy and veracity of his report may be regarded as reliable.  348 S.W.3d at
914–15.  In such a scenario, the only question is whether the information that
the known citizen-informant provides, viewed through the prism of the detaining
officer’s particular level of knowledge and experience, objectively supports a
reasonable suspicion to believe that criminal activity is afoot.  Id. 
Santillan, a person who had provided reliable information in the past, reported
that appellant was intoxicated and that he had been argumentative at her
house.  She also provided Officer Bassett with a description of the vehicle
that appellant was driving.  This information constituted sufficient information
to support an investigative detention.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

                                                                                    

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 16, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]Officer Bassett testified that the in-car video began
recording when he activated his overhead lights and that that was one of the
reasons why he activated the overhead lights.